UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ADRIAN M. ATUTIS, also known as
Adriane Maur Atutis,

                        Plaintiff,          9:21-CV-0715
                                              (DNH/TWD)
   v.

GEORGE KNAPP, RENEE STOCK, NICHOLAS
BIXBY, SEAN POMEROY, and RICHARD
HREBIN,

                        Defendants.

---

APPEARANCES:

ADRIAN ATUTIS
Plaintiff, pro se
CNY PC
PO Box 300
Marcy, NY 13403

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

Pro se plaintiff Adrian Atutis ("Atutis" or "plaintiff") commenced this action by filing a complaint asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983").  Dkt. No. 1 ("Compl.").

By Decision and Order of this Court filed July 20, 2021 (the "July Order"), the Court granted Atutis' IFP application and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.  *See* Dkt. No. 5.  In the July Order, the Court directed a response to the Fourteenth Amendment excessive force claims against

defendants Bixby, Pomeroy, Stock, Hrebin, and Knapp.  *See id.*

However, the Court dismissed the following claims without prejudice: (1) Fourteenth Amendment deliberate medical indifference claims against defendants Butte, Hausan, Eaton, and "the medical staff and/or nursing staff;" (2) Fourteenth Amendment due process claims; (3) First Amendment retaliation claims; (4) First Amendment access-to-court claims; (5) claims against defendants Troutman and Lasky; (6) claims against defendant Valls related to grievance process and failure-to-investigate; (7) conspiracy claims; (8) supervisory claims; and (9) state law medical malpractice claims.  *See* Dkt. No. 5 at 32.  The Clerk of the Court was directed to terminate Harder, Valls, Smolinski, Hausan, Butte, Martin, Safford, Eaton, Snyder, Lasky, and Troutman as defendants.  *See id.*

Presently before the Court is the amended complaint and plaintiff's second motion for counsel.  Dkt. No. 7 ("Am. Compl.") and Dkt. No. 8 ("Second Motion for Counsel").

## II. SUFFICIENCY OF THE AMENDED COMPLAINT

### A. Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. §1915A(b) was discussed at length in the July Order and it will not be restated in this Decision and Order.  *See* Dkt. No. 5 at 3-5.

### B. Review of the Amended Complaint[1]

Plaintiff identifies Knapp, Stock, Bixby, Pomeroy, and Hrebin as the defendants in the caption of the amended complaint and in the list of parties.  *See* Am. Compl. at 1-3.  The amended complaint does not include any factual allegations or claims against the previously

---

[1] The amended complaint includes exhibits.  *See* Dkt. No. 5 at 6-9, 11-16.  These exhibits were annexed to the original complaint.

dismissed defendants. *Compare* Compl. *with* Am. Compl. Indeed, the factual allegations are limited to the events surrounding the October 2020 use of force incident. *See* Am. Compl. at 4.

On October 18, 2020, at approximately 12:24 a.m., defendants Correctional Officers Knapp, Stock, Bixby, Pomeroy, and Hrebin entered plaintiff's cell (#118) in the "G-Pod" for a cell extraction. Am. Compl. at 4. Defendants "beat him," handcuffed him, and "dragged the plaintiff out of cell #118 and out of B block, down the corrador (sic) to D Block" where they beat him again. *Id*. As a result of the "beatings," plaintiff suffered bruising, a fat lip, lacerations, and his toe nail fell off. *Id.*

For the reasons set forth in the July Order, plaintiff's Fourteenth Amendment excessive force claims against Knapp, Stock, Bixby, Pomeroy, and Hrebin survive review and require a response.[2]

## III. <u>SECOND MOTION FOR COUNSEL</u>

Plaintiff moves, for the second time, for the appointment of counsel. Dkt. No. 8. In the July Order, the Court denied plaintiff's previous motion for the appointment of counsel concluding that, "[t]here is nothing in the record that demonstrates that plaintiff is not able to effectively pursue this action, and the Court is not aware of any special reason why appointment of counsel would be more likely to lead to a just determination of this litigation." Dkt. No. 5 at 31. The Court denied the motion, without prejudice. *Id*.

The Court has reviewed plaintiff's second motion, with consideration of the factors

---

[2] To the extent that plaintiff attempts to reassert claims against Valls related to the grievance process or deliberate medical indifference claims against "BCCF", those claims are dismissed for the reasons set forth in the July Order. *See* Dkt. No. 5 at 13, 25-26. Moreover, as discussed *supra*, Valls and BCCF are not named as defendants in the caption or the list of parties.

outlined in the July Order, and finds no change of circumstances that would warrant appointment of counsel pro bono for plaintiff at this time. Moreover, plaintiff's second request for counsel is not accompanied by documentation that substantiates his efforts to obtain counsel from the public and private sector. *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994); *Cooper v. Sargenti Co., Inc*., 877 F.2d 170, 172, 174 (2d Cir. 1989). Even if the Court were to assume that plaintiff's claims are likely to be of substance, the relevant factors, as discussed in the July Order, would, and do, weigh against the granting of plaintiff's motion. At this juncture, it appears that the case does not present issues that are novel or more complex than those raised in most prisoner civil rights actions. *See Marino v. Koenigsmann*, No. 9:12-CV-1170 (GTS/RFT), 2014 WL 1239514, at *1 (N.D.N.Y. Mar. 25, 2014). For all of these reasons, plaintiff's second request for counsel is denied without prejudice.

## IV. **CONCLUSION**

Therefore, it is

ORDERED that

1. The amended complaint (Dkt. No. 7) is accepted for filing and is deemed the operative pleading;

2. Plaintiff's Fourteenth Amendment excessive claims against Knapp, Stock, Bixby, Pomeroy, and Hrebin survive the Court's sua sponte review under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) and require a response;

3. Upon receipt from plaintiff of the documents for service, the Clerk shall issue summonses and forward them, along with copies of the amended complaint, to the United

States Marshal for service upon the defendants. The Clerk shall forward a copy of the summonses and amended complaint to the Office of the Attorney General, together with a copy of this Decision and Order;

4. A response to the amended complaint be filed by the defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure;

5. All pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367;

6. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket;**

7. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions;

8. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**;

9. Plaintiff's second motion for the appointment of pro bono counsel (Dkt. No. 8) is **DENIED** without prejudice;

10. The Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in

5

accordance with the Local Rules.

      IT IS SO ORDERED.

Dated: August 26, 2021
       Utica, New York.

_____
United States District Judge