UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ADRIAN M. ATUTIS,

             Plaintiff,

       -v-                    9:21-CV-715

GEORGE KNAPP, RENEE
STOCK, NICHOLAS BIXBY,
SEAN POMEROY, and
RICHARD HREBIN,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

ADRIAN M. ATUTIS
Plaintiff, Pro Se
20-A-1797
Great Meadow
   Correctional Facility
Box 51
Comstock, NY 12821

BROOME COUNTY             JENNIFER L. CHURCH, ESQ.
   ATTORNEY'S OFFICE
Attorneys for Defendants
Broome County Office Building
60 Hawley Street
P.O. Box 1766
Binghamton, NY 13902

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On June 21, 2021, *pro se* plaintiff Adrian Atutis ("plaintiff") filed this 42 U.S.C. § 1983 action alleging that defendants violated his civil rights while he was confined at the Broome County Jail. Dkt. No. 1. Along with his complaint, plaintiff also sought leave to proceed *in forma pauperis* ("IFP Application") and moved for the appointment of counsel. Dkt. Nos. 2, 3, 4.

On July 20, 2021, this Court granted plaintiff's IFP Application, denied his request for counsel, and dismissed most of his claims against most of the named defendants. Dkt. No. 5. However, the Court concluded that plaintiff's Fourteenth Amendment excessive force claims against defendants Nicholas Bixby, Sean Pomeroy, Renee Stock, Richard Hrebin, and George Knapp were sufficiently pleaded to require a response. *Id*.

Thereafter, plaintiff filed an amended complaint and another request for counsel. Dkt. Nos. 7, 8. Plaintiff's amended pleading reasserted the same allegations against the above-named defendants. Dkt. No. 7. Briefly stated, plaintiff alleged that on October 18, 2020, at about 12:24 a.m., defendants entered his cell, beat him, handcuffed him, dragged him out of his cell, moved him to a different cell block, and beat him again. *Id*. After the Court accepted the amended complaint for filing and denied his renewed request for counsel, Dkt. No. 9, the parties went to discovery, Dkt. No. 14. Defendants eventually moved for summary judgment. Dkt. No. 32.

On November 23, 2022, U.S. Magistrate Judge Thérèse Wiley Dancks advised by Report & Recommendation ("R&R") that defendants' motion for summary judgment be denied. Dkt. No. 36. As Judge Dancks explained, the parties' divergent factual narratives made it impossible to assess as a matter of law whether defendants' admitted use of force on the date in question was objectively reasonable under all of the circumstances. *Id*. In reaching that bottom-line conclusion, Judge Dancks noted that the evidence marshaled by plaintiff could well lead a rational factfinder to side with him against one or more of the named defendants. *Id*.

Defendants have filed objections. Dkt. No. 37. There, they point out that plaintiff failed to dispute certain assertions made in affidavits that were filed by defendants; *e.g.*, that plaintiff admitted he was being non-compliant and had even flushed prison paperwork down the toilet. *Id*. In other words, that his conduct justified the use of force against him.

Upon *de novo* review, those objections must be overruled for substantially the same reasons already explained by Judge Dancks in her R&R. Excessive force claims often tee up factual disputes that are unsuitable for summary disposition. Everyone agrees some degree of force was used on plaintiff. And while defendants have identified facts that tend to support the conclusion they acted reasonably, plaintiff's contrary showing—at least when viewed in the light most favorable to him, as the summary judgment mechanism

requires—could lead a reasonable jury to conclude otherwise. Accordingly, the R&R will be accepted and adopted. *See* 28 U.S.C. § 636(b)(1)(C).

As a final matter, the Court notes plaintiff did not respond to defendants' objections. Indeed, the copy of Judge Dancks's R&R that was sent to his address on file with the Court was returned as undeliverable. Dkt. No. 38. A handwritten notation on the returned mail indicates that plaintiff has been paroled or otherwise released from custody as of November 1, 2022. *Id.*

Under this District's Local Rules, plaintiff has an ongoing obligation to "promptly notify" the Clerk's Office and all parties "of any change in his address." This obligation was made clear to him in the Court's July 20, 2021 Order. Dkt. No. 5. And plaintiff has demonstrated that he understands that this is a *continuing* obligation—he has previously notified the Clerk's Office of a change in his address during the pendency of this litigation. Dkt. No. 13.

Yet according to the handwritten notation on the undeliverable mail sent to plaintiff on November 23, the address on file with the Court has been invalid since at least November 1, 2022. Although plaintiff's claims will survive summary judgment, he cannot proceed to trial if the Court and the Clerk's Office are unable to send him written communication.

Because defendants are likely to be prejudiced by ongoing delay, and because the Court finds that lesser sanctions would be ineffective (a written warning or notice of a possible monetary sanction would not reach plaintiff in

the absence of a valid address), plaintiff must be ordered to show cause why this action should not be dismissed based on his failure to "promptly notify the Clerk's Office and all parties "of any change in his address."

Therefore, it is

ORDERED that

1. The Report & Recommendation is ACCEPTED;

2. Defendants' motion for summary judgment is DENIED; and

3. Plaintiff must SHOW CAUSE in writing, within FOURTEEN DAYS of the date of this Order, why this action should not be *sua sponte* dismissed based on his failure to "promptly notify" the Clerk of his change in address in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: December 27, 2022
Utica, New York.

David N. Hurd
U.S. District Judge